Gajewski vs. Brzezinski.

GAJEWSKI, Appellant, vs. BRZEZINSKI, imp., Respondent.

*June 5 — June 22, 1899.*

*Pleading: Building contracts: Extras: Superintendents: Findings: Conclusiveness.*

1. Allegations in both the complaint and answer, that there was a contract between the parties fixing the price for work and material to be furnished by plaintiff, are sufficient to admit evidence of the nature of the contract, as bearing on the subject of whether there was work and material furnished by plaintiff, not included in the contract.

2. Where the trial court has found that the question of extras under a building contract has been, pursuant to its terms, submitted to the superintendent and his final estimate given pursuant thereto, and there is evidence to sustain such finding and no claim of fraud or mistake affecting the estimate or a settlement between the parties made thereon, such finding is conclusive.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action to enforce a lien for extra work and material alleged to have been furnished defendant *Brzezinski* by plaintiff in the construction of a building for the former. There was a contract covering work and material to the amount of $1,357, all of which it was admitted was paid for; but it was alleged that extra work and material were furnished, not paid for, to the value of $147. Defendant specifically denied the allegations as to extra work and material. There was a written contract between the parties, which contained stipulations in substance as follows: All differences of opinion as to any matter connected with the contract shall be determined by the superintendent, and such determination shall be final; no variation from the contract shall be recognized or paid for, unless the same be ordered in writing and the amount to be deducted from or added to the contract be estimated by the superintendent. The findings of fact on the controverted questions are in substance as follows: On

Gajewski vs. Brzezinski.

the 17th day of August, 1895, after the completion of the work under the contract, plaintiff received from the superintendent mentioned in the contract, and final arbiter between the parties, a final estimate, at which time it was agreed between such superintendent and such parties that there was no extra work or material to be considered; that such final estimate was given and received as a full compromise and settlement of all matters between the builder and the proprietor. Judgment was ordered accordingly as to plaintiff's claim, but judgment was rendered enforcing a lien for a claim of a codefendant that was established in the action. Plaintiff appealed.

For the appellant the cause was submitted on the brief of *M. N. Lando,* and for the respondent on that of *Christian Doerfler.*

MARSHALL, J. Appellant contends that the court improperly permitted proof of the existence of a written contract because none was pleaded by respondent. Both parties alleged that there was a contract fixing the price for the work and material to be furnished by plaintiff. That was sufficient to admit evidence of the nature of the contract, as bearing on the subject of whether there were work and material furnished by plaintiff, not included in it.

There is left to be considered the contention that the court improperly found that all claims of the appellant for extras were submitted to the superintendent, and that it was agreed that there were none, and that a final estimate was given pursuant thereto. There appears to be ample evidence to sustain such finding, and as there is no claim of fraud or mistake to affect the settlement, it is conclusive between the parties.

The appeal does not present any question of law, and none of fact which requires discussion.

*By the Court.*— The judgment of the superior court is affirmed.